In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order of Liquidation of the GLOBE AND RUTGERS FIRE INSURANCE COMPANY.*

Supreme Court, New York County, June 10, 1933.

*John J. Bennett, Jr., Attorney-General* [*Joseph C. H. Flynn, Assistant Attorney-General,* of counsel]; *Basil O'Connor* [*John C. Farber* and *William F. Snyder* of counsel], for George S. Van Schaick, Superintendent of Insurance of the State of New York, in charge of Globe and Rutgers Fire Insurance Company, pursuant to an order of rehabilitation dated March 24, 1933, for the motion.

*Root, Clark & Buckner* [*Grenville Clark* of counsel], for the committee for the rehabilitation of Globe and Rutgers Fire Insurance

* See, also, 148 Misc. 497; 149 id. 16, 18.

Company and for Globe and Rutgers Fire Insurance Company; *Davis, Polk, Wardwell, Gardiner & Reed* [*John W. Davis* and *Porter R. Chandler* of counsel], for Rossia Insurance Company of America and The Metropolitan Fire Reassurance Company of New York; *Martin Conboy* [*Martin Conboy* and *David Asch* of counsel], for the committee representing creditors, policyholders, reinsurers, brokers and agents of the Globe and Rutgers Fire Insurance Company, opposed.

FRANKENTHALER, J.    Early in April, 1933, the Superintendent of Insurance applied for an order of liquidation of the Globe and Rutgers Fire Insurance Company, the affairs of which were then in charge of the Insurance Department under an order of rehabilitation. It appearing that efforts were being made to effect a plan of reorganization which might restore the solvency of the company and that recent financial developments rendered it likely that the value of the company's assets would be substantially augmented, the court granted time to those interested in accomplishing the reorganization, meanwhile withholding decision of the application for an order of liquidation.    The time allotted by the court has now expired.    In the interval favorable market conditions have resulted in increasing the value of the securities in the company's portfolio to the extent of many millions of dollars.    Progress has been made in procuring assents to a proposed plan of reorganization.    Developments in Washington have enhanced the possibility of the enactment of legislation which may enable the company to obtain further aid from the Reconstruction Finance Corporation.

The court is in receipt of a communication from the Superintendent of Insurance dated June 7, 1933, which recognizes the hopeful aspect of the situation and reads, in part, as follows: " I am advised that progress is being made by the Committee [the Reorganization Committee] in overcoming objections made by certain of the larger creditors to its original plan.    The results of the negotiations now being carried on with those creditors may have an important bearing on whether or not the Plan of Reorganization can succeed.

" In these circumstances and particularly in view of the improved financial condition of the company by reason of the enhancement of the market value of its securities which would seem to make some plan of rehabilitation possible and appropriate, it would be agreeable to me if you should decide to withhold for the time being your determination on the application for liquidation."

Under these circumstances, the interests of creditors, policyholders and stockholders being adequately protected with the Superin-

tendent in control of the assets of the insurer under the order of rehabilitation, and with no new business being written, it is manifest that the opportunity for a reorganization of the affairs of the company should be kept open and that no determination of the motion for an order of liquidation should be made at this time. The motion will accordingly be held in abeyance pending the receipt of a further communication from the Superintendent of Insurance.